**RECORD NUMBER: 14-4031**

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**MARIO D. ALVARADO FLORES, d/b/a Marito,**

*Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

# OPENING BRIEF OF APPELLANT

**ANDREW MICHAEL STEWART**
**DENNIS, STEWART, KRISCHER &**
 **TERPAK, PLLC**
**2045 15th Street North**
**Suite 200**
**Arlington, VA 22201**
**(703) 248-0626**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

JURISDICTIONAL STATEMENT ................................................................... 1

STATEMENT OF ISSUES PRESENTED ........................................................ 1

STATEMENT OF THE CASE ........................................................................... 1

      STATEMENT OF FACTS ....................................................................... 2

SUMMARY OF ARGUMENT .......................................................................... 5

ARGUMENT ....................................................................................................... 5

I.     APPELLANT MARIO ALVARADO FLORES' SENTENCE SHOULD BE VACATED BECAUSE HE WAS DENIED A "SAFETY VALVE" DEPARTURE ..................................................... 5

     A.    Standard of Review ..................................................................... 5

     B.    Appellant Mario Alvarado Flores was Denied a "Safety Valve" Departure............................................................. 5

CONCLUSION ................................................................................................... 9

STATEMENT IN SUPPORT OF ORAL ARGUMENT ............................ 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**

Anderson v. Bessemer City,
    470 U.S. 564 (1985) ............................................................................... 5

United States v. Aidoo,
    670 F.3d 600 (4th Cir. 012) .................................................................. 6, 7

United States v. Beltran–Ortiz,
    91 F.3d 665 (4th ir.1996) ...................................................................... 6, 7

United States v. Brownlee,
    204 F.3d 1302 (11th Cir.2000) ................................................................. 7

United States v. Cruz,
    106 F.3d 1553 (11th Cir. 997) .................................................................. 5

United States v. Henry,
    673 F.3d 285 (4th Cir. 2012) ............................................................ 5, 6, 8

United States v. Ivester,
    75 F.3d 182 (4th ir.1996) ......................................................................... 6

United States v. Marquez,
    280 F.3d 19 (1st Cir. 2002) ....................................................................... 7

United States v. Nuzzo,
    385 F.3d 109 (2d Cir.2004) ...................................................................... 7

United States v. Sanchez,
    475 F.3d 978 (8th Cir.2007) ..................................................................... 7

United States v. Stevenson,
    396 F.3d 538 (4th Cir.2005) ..................................................................... 5

United States v. Wilson,
    114 F.3d 429 (4th Cir. 997) ...................................................................... 5

United States v. Withers,
    100 F.3d 1142 (4th Cir.1996)) ................................................................. 5

**Rules, Statutes and Other Authorities:**

18 U.S.C. § 3553 ................................................................................... 5, 6

21 U.S.C. § 841 .................................................................................... 1, 2

21 U.S.C. § 846 .................................................................................... 1, 2

Fed. R. App. P. 3 ....................................................................................... 1

Fed. R. App. P. 4(b) .................................................................................. 1

U.S.S.G. §5C1.2 ........................................................................ 1, 3, 4, 5, 6

# JURISDICTIONAL STATEMENT

Jurisdiction in the Court of Appeals is based upon Federal Rules of Appellate Procedure 3 and 4(b). The Final Order of Judgment was entered as to Mario Alvarado Flores on October 10, 2012. [JA 4] Mr. Alvarado Flores filed a Notice of Appeal on January 9, 2014. [JA 5]

# STATEMENT OF ISSUES PRESENTED

Whether the District Court erred in finding that Mr. Alvarado Flores did not qualify for the "Safety Valve" pursuant to the United States Sentencing Guidelines §5C1.2.

# STATEMENT OF THE CASE

On May 10, 2012, a Criminal Complaint and supporting affidavit were filed in the United States District Court for the Eastern District of Virginia, Alexandria Division, charging Mr. Alvarado Flores with Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §841(a)(1) and 846. [JA 2] On July 11, 2012, the U.S. Attorney for the Eastern District of Virginia filed a Criminal Information charging Mr. Alvarado Flores with Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §841(a)(1) and 846. [JA 4] On July 11, 2012, Mr. Alvarado Flores entered a guilty plea to this charge before the Honorable James C. Cacheris, U.S. District Judge. [JA 3] Mr. Alvarado Flores appeared before the Honorable Liam O'Grady for sentencing, on September 28,

2012, and received a sentence of sixty (60) months in the custody of the Bureau of Prisons, four (4) years of supervised probation, and $100 assessment. [JA 4]  The Final Order of Judgment was entered on October 5, 2012. [JA 4]  Mr. Alvarado Flores mailed a Notice of Appeal on December 30, 2013, which was received on January 9, 2014, and entered on January 10, 2014. [JA 5]

**Statement of Facts:**

Mr. Alvarado Flores' offense conduct began "in and around early 2012, the exact date being unknown, through in and around May 2012, within the Eastern District of Virginia". [JA 200]  During the course of the conspiracy, members of the conspiracy, including Mr. Flores Alvarado, regularly received wholesale quantities of cocaine from sources of supply in Honduras. [JA 201]  Couriers smuggled the cocaine from Honduras into the United States, through various airports including Dulles International Airport, by secreting it in items such as wooden frames and shoes. [JA 201]  Mr. Flores Alvarado and the other members of the conspiracy would then distribute the cocaine to customers for further distribution. [JA 201]

On May 10, 2012, a Criminal Complaint and supporting affidavit were filed in the United States District Court for the Eastern District of Virginia, Alexandria Division, charging Mr. Alvarado Flores with Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §841(a)(1) and 846. [JA 2]  On the

same date, he was arrested. [JA 2]  On July 11, 2012, Mr. Alvarado Flores entered a guilty plea to this charge before the Honorable James C. Cacheris, U.S. District Judge. [JA 3]  Mr. Flores Alvarado qualified for the "Safety Valve" pursuant to U.S.S.G §51.2 which required him to participate in a debriefing with the government. [JA 310]  Prior to sentencing, Mr. Alvarado Flores participated in two debriefings with the government. [JA 217]  Following the first debriefing, the Assistant United States Attorney had concerns about the truthfulness of his cooperation and arranged a second debriefing. [JA 218]

Mr. Alvarado Flores appeared before the Honorable Liam O'Grady for sentencing, on September 28, 2012. [JA 4]  During the sentencing hearing, at sidebar, the parties discussed whether or not Mr. Alvarado Flores qualified for the "safety valve".[1] [JA 217-220]  The Assistant United States Attorney explained the substance of Mr. Alvarado Flores' debriefings. [JA 217-218]  At the first debriefing, the Assistant U.S. Attorney believed that Mr. Alvarado Flores lied about his involvement in the conspiracy. [JA 217]  During the second debriefing, the Assistant United States Attorney believed that he continued to minimize the length of his involvement in the conspiracy. [JA 217]  Specifically, although Mr.

---

[1] Although the government submitted a sentencing memorandum it did not specifically address the issue of whether or not Mr. Alvarado Flores qualified for the "safety valve". [JA 310]  However the government did not object to any statements in the report. [JA 216]  A sentencing memorandum filed on behalf of Mr. Alvarado Flores does not exist in the electronic nor the court clerk's record. [JA 2-5]

3

Alvarado Flores admitted to being involved in the conspiracy for eight to nine months, the government believed his involvement lasted multiple years. [JA 218] In addition, the government indicated that Mr. Alvarado Flores minimized his wife's involvement in the conspiracy by stating that "she wasn't involved". [JA 217] The government pointed out that this appeared to be contrary to the offense conduct listed in pages 54 through 56 of the Presentence Investigation Report. [JA 217] Defense counsel pointed out that the wife was the sister of the ringleader of the conspiracy and was not familiar with all of her dealings with him. [JA 219] Additionally, Mr. Alvarado Flores was not in the brother in laws immediate circle in the conspiracy and did not deal with him frequently. [JA 219] Other than the length of involvement in the conspiracy and the role of his wife, there were no additional complaints by the government about the information provided during the debriefings. [JA 217-220] Nevertheless, the government argued that Mr. Alvarado Flores did not satisfy the debriefing requirement of the "safety valve" departure. [JA 217]

    The Court declined to grant a "safety valve" departure based on U.S.S.G §5C1.2 [JA 221] and imposed a mandatory minimum sentence of sixty (60) months in the custody of the Bureau of Prisons [JA 4].

4

# SUMMARY OF ARGUMENT

The district court clearly erred when it refused to apply the "safety valve" to Mr. Alvarado Flores based on the government's representation that he failed to provide a truthful debriefing.

# ARGUMENT

## I. APPELLANT MARIO ALVARADO FLORES' SENTENCE SHOULD BE VACATED BECAUSE HE WAS DENIED A "SAFETY VALVE" DEPARTURE.

### A. Standard of Review.

This Court reviews a district court's factual findings with respect to whether a defendant has satisfied the criteria of §5C1.2 for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997)(citing United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997)). This standard of review permits reversal only if the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Henry, 673 F.3d 285, 292 (4th Cir. 2012)(citing United States v. Stevenson, 396 F.3d 538, 542 (4th Cir.2005)(quoting Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))).

### B. Appellant Mario Alvarado Flores was Denied a "Safety Valve" Departure.

When applicable, the safety valve provision permits a district court to impose a shorter sentence for first-time offenders who otherwise would be subject to a mandatory minimum sentence. Henry, 673 F.3d at 292-3 (citing18 U.S.C. §

5

3553(f); United States v. Withers, 100 F.3d 1142, 1146 (4th Cir.1996)). A defendant seeking this statutory relief must establish that (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, the defendant truthfully provided the government with all evidence and information the defendant had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan. 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2; Henry, 673 F.3d at 292-3, United States v. Beltran–Ortiz, 91 F.3d 665, 669 (4th Cir.1996). In the present case, there is no dispute that Mr. Alvarado Flores satisfied the first four requirements of §3553(f) and §5C1.2. [JA 310] The only question whether Mr. Alvarado Flores satisfied the fifth requirement by "truthfully providing to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. §3553(f)(5).

Section 3553(f)(5) "requires broad disclosure from the defendant" and mandates that a defendant supply the details of his own culpability. United States v. Aidoo, 670 F.3d 600, 609 (4th Cir. 2012). Under the statute, the government must be given an opportunity to make a recommendation, but the statute requires

6

the district court to independently determine whether the requirements have been met, including whether the defendant was truthful. Aidoo, 670 F.3d at 605; United States v. Ivester, 75 F.3d 182, 185 (4th Cir.1996). The district court is obligated to determine whether a defendant has truthfully provided the government with all known relevant information, and the court may consider any false statements a defendant may have made when evaluating the defendant's credibility. Aidoo, 670 F.3d at 610 (citing United States v. Nuzzo, 385 F.3d 109, 119 n. 25 (2d Cir.2004); United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir.2000)).

The defendant bears the burden of "prov[ing] that the prerequisites for the application of the safety valve provision, including truthful disclosure, have been met." Aidoo, 670 F.3d at 605 (citing United States v. Beltran–Ortiz, 91 F.3d 665, 669 (4th Cir.1996)(internal citations omitted)). And because the burden is on the defendant, the government has no obligation to present evidence of the defendant's failure to satisfy the requirements of the safety valve. Aidoo, 670 F.3d at 606 (citing United States v. Sanchez, 475 F.3d 978, 980 (8th Cir.2007) ("The United States has no burden to refute a defendant's assertion that his information is truthful if his proffer is inadequate."); United States v. Marquez, 280 F.3d 19, 24–25 (1st Cir. 2002)("Were we to ... insist upon extrinsic evidence, district courts would be bound to accept even the most arrant nonsense from a defendant's mouth so long as

7

the government could not directly contradict it by independent proof. A rule to that effect would turn the burden of persuasion inside out.")).

In Aidoo, the district court determined that because of the inherent implausibility of the explanation for international travel he was not entitled to the safety valve. 670 F.3d at 605. Specifically, the court reasoned that it was simply implausible that a person can go to a department store in Brussels… buy some garments… go back to Ghana, and sell them for a [profit]. Id. Unlike Aidoo, Mr. Alvarado Avila's contention that he was not aware of his wife's dealings with her brother, the ringleader, is plausible. [JA 219]  At the sentencing hearing counsel for Mr. Alvarado Flores argued that he did not work with his wife's brother and that it was possible that even though they were married, she could hide her involvement with the brother. [JA 219]  Paragraph 182 through 186 of the PSR describes the wiretap conversations between the wife and her brother relating to drug activity of which Mr. Alvarado Flores was not a party. [JA 288-289]  As a result, it is plausible that he was not aware of the extent of his wife's involvement in the conspiracy.

In Henry, the district court found that the parties were not credible witnesses, and that certain representations they made were inconsistent with a full and truthful disclosure of all relevant information. 673 F.3d at 293. The district court cited the defendant's testimony that cash seized was the result of a rental

8

payment received for leasing farm equipment in contrast to evidence presented by the government which showed that the equipment rental was paid for by check. Id. In the present case the government contends that Mr. Alvarado Flores was not truthful about the length of time he was involved in the conspiracy. [JA 217] During the first debriefing, the government contends, that Mr. Alvarado Flores was not truthful about the length of time he was involved in the conspiracy. [JA 217] As a result, the government arranged a second debriefing. [JA 217]  During the second debriefing Mr. Alvarado Flores stated that he was involved for eight to nine months. [JA 217]  The government indicated that it had developed information that suggested a longer period of time [JA 218], however, the Statement of Facts describes the time frame as early 2012 through May 2012 which is at most five months [JA 200].

Other than the statements regarding his wife and the length of his involvement in the conspiracy, the government did not raise any other issues with Mr. Alvarado Flores' debriefing. [JA 217-220]

## CONCLUSION

Mr. Alvarado Flores respectfully requests that this Court find that the district court committed clear error in determining that he did not qualify for the "safety valve".

9

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Mr. Alvarado Flores requests oral argument in support of his appeal.

Respectfully submitted,

*/s/ Andrew M. Stewart*
Andrew M. Stewart, Esq., VSB# 68683
Dennis Stewart Krischer & Terpak PLLC
2045 North 15th Street, Suite 200
Arlington, Virginia 22201
Tel. 703-248-0626
Fax. 703-248-8971
andrew.m.stewart.esq@gmail.com
Counsel for Appellant

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4031     Caption: United States v. Mario Flores

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

[✓] this brief contains __2,159__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

[✓] this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; *or*

[ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Andrew M. Stewart

Attorney for Appellant

Dated: 6/18/2014

Rev. 03/03/11

# CERTIFICATE OF SERVICE

I certify that on June 18, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Aaron Richmond Cooper
Mary Katherine Barr Daly
David Wesley Tyler
OFFICE OF THE U.S. ATTORNEY
2100 Jamieson Avenue
Alexandria, VA 22314-5194
703-299-3742
aaron.cooper2@usdoj.gov
Mary.K.Daly@usdoj.gov
angela.clement@usdoj.gov

/s/ Andrew M. Stewart                    6/18/2014
_____              _____
          Signature                                Date